**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER L. HARRIS, | ) Case No.: 1:12-cv-01483-JLT |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS TO |
| | ) DISMISS PETITION FOR WRIT OF HABEAS |
| v. | ) CORPUS AS A SUCCESSIVE PETITION |
| | ) |
| UNKNOWN, | ) ORDER DIRECTING THAT OBJECTIONS BE |
| | ) FILED WITHIN TWENTY DAYS |
| Defendant. | ) |
| | ) ORDER DIRECTING CLERK OF THE COURT TO |
| | ) ASSIGN A DISTRICT JUDGE TO CASE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of mandamus pursuant to 28 U.S.C. 1361.

**PROCEDURAL HISTORY**

The instant petition for writ of mandate was filed on September 10, 2012. The petition seeks an order from this Court discharging Petitioner's conviction and sentence in case no. 1:98-CR00121-003, a 1999 conviction in the United States District Court for the Southern District of Indiana, on the grounds that the trial court's order of restitution reduced Petitioner's incarceration to a money judgment which Petitioner claims he has satisfied on June 11, 2012 with the delivery of unspecified "security directly to the United States…as payment." (Doc. 1, p. 2). Because Petitioner is challenging the legality of his ongoing incarceration, the Court construes Petitioner's motion for a writ of mandate

1

as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In the course of conducting a preliminary screening of the petition, it has come to the Court's attention that Petitioner has previously filed no less than seven other habeas petitions raising the same or similar grounds.

A review of the Court's own docket reflects that Petitioner has previously filed petitions in this Court, as follows:  (1) case no. 1:11-cv-01553-LJO-DLB, filed on September 14, 2011, and dismissed on October 19, 2011; (2) case no. 1:11-cv-01722-BAM, filed on October 4, 2011, and dismissed on March 16, 2012; (3) case no. 1:12-cv-00512-LJO-DLB, filed on April 4, 2012, and dismissed on September 11, 2012; (4) case no. 1:12-cv-00747-LJO-MJS, filed on May 3, 2012, and dismissed on July 12, 2012; (5) case no. 1:12-cv-00891-LJO-GBC, filed on May 31, 2012, still pending; (6) case no. 1:12-cv-00938-AWI-DLB, filed on June 11, 2012, and dismissed on August 3, 2012; and (7) case no. 1:12-cv-01489-AWI-JLT, filed on September 12, 2012, still pending.

## DISCUSSION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  For state inmates filing federal petitions, the Court must also dismiss a second or successive petition raising a *new ground* unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).  This gate-keeping provision requires the Court of Appeals to authorize successive petitions regarding state court judgments pursuant to 28 U.S.C. § 2254.  28 U.S.C. § 2244(b).

However, the provisions requiring prior appellate permission to proceed with a successive petition pertain expressly to claims presented under § 2254, and contain no reference to petitions filed under § 2241.  Thus, the gate-keeping provisions do not apply to habeas petitions filed under § 2241. Barapind v. Reno, 225 F.3d 1100 (9th Cir. 2000).

Nevertheless, § 2244(a) prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or sentence which has previously been presented to the federal

1    court for determination, such as when challenged by way of federal collateral review.  Id.; *accord*,

2    Valona v. United States, 138 F.3d 693, 694-695 (9th Cir. 1998)(concluding that § 2244(a) bars

3    successive petitions under § 2241 directed to the same issue concerning execution of a sentence);

4    Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997)(barring as a second § 2241 petition a

5    repetitive challenge to application of time credits in the administrative calculation of a federal

6    sentence).

7    The AEDPA's bar against successive petitions has been referred to as a modified res judicata

8    rule placing limits on the traditional habeas corpus rule against "abuse of the writ," a "complex and

9    evolving body of equitable principles informed and controlled by historical usage, statutory

10   developments, and judicial decisions."  Felker v. Turpin, 518 U.S. 651, 664 (1996)(citing McCleskey

11   v. Zant, 499 U.S. 467, 489 (1991)).  If a successive petition is filed, dismissal is warranted.  Queen v.

12   Miner, 550 F.3d 253, 255 (3d Cir. 2008); Chambers v. United States, 106 F.3d 472, 475 (2d Cir.

13   1997).

14   Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism

15   and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition.  Lindh v.

16   Murphy, 521 U.S. 320, 327 (1997).  Here, Petitioner has already presented this issue to multiple courts

17   within this federal district and has received a review of his claim on the merits.  In case no. 1:11-cv-

18   01722-BAM, Petitioner, as here, contended that the restitution penalty imposed could be reduced to a

19   money judgment that could then be satisfied, thereby eliminating his prison sentence.  In that case, the

20   Court dismissed the claim as follows:

21       In setting forth his claim, Petitioner relies on statutory provisions concerning enforcement of
         judgments and debts that are of general applicability.  He cites federal statutes that provide that
22       judgments are fines that become a lien on property in favor of the United States and may be
         enforced by the United States as civil judgments are enforced, that a judgment of a United
23       States District Court shall be a lien on property in the state to the same extent that a state court
         judgment would be, and that a judgment lien shall be released on the filing of a satisfaction of
24       judgment or release of lien in the same manner as the judgment is filed to obtain the lien.  18
         U.S.C. § 3613; 28 U.S.C. § 1962, 3201(d).  He further relies on a provision that a person is
25       discharged from a debt to the extent that he makes payment or delivery of money or personal
         property to the United States or specified officers thereof.  28 U.S.C. § 3206.
26
         Petitioner cites no authority, however, and the Court is aware of none, that requires either a
27       custodial authority or a sentencing court to permit a prisoner to satisfy a criminal judgment for

28                                                        3

a fine by a prisoner's service of the sentence, a promissory note, or unspecified personal property.

Further, the facts of record ascertained from taking judicial notice of the judgment in Petitioner's criminal case (Doc. 53) directly contradict Petitioner's indirect and vague allegations concerning the fine in question.  Petitioner was sentenced to 300 months, an assessment of $100.00, and a fine of $2,000.00 (Doc. 53 at 2, 5.)  There is no indication that Petitioner was subjected to any additional fine.  Indeed, in the course of briefing Petitioner's post-sentencing motions in the criminal action in the trial court, the federal prosecutor noted that Petitioner was fined and assessed only the $2,100.00, and it was uncertain to what any alleged $4,000,000 tax lien or fine referred.  (Doc. 25, 2 n. 1).

(ECF No. 28, pp. 7-9).

Thus, Petitioner's challenge to his sentence based upon a purported satisfaction of a lien has already been addressed and rejected on the merits in a prior habeas petition, i.e., case no. 1:11-cv-01722-BAM.  Accordingly, the instant petition for writ of habeas corpus should be dismissed with prejudice as successive.

### ORDER

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States District judge to this case.

### RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Mandate be construed as a Petition for Writ of Habeas Corpus and that, so construed, it be DISMISSED as a successive petition.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

4

1   may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

2   1991).

3

4   IT IS SO ORDERED.

5       Dated:   **October 2, 2012**                    **/s/ Jennifer L. Thurston**

6                                       UNITED STATES MAGISTRATE JUDGE

5